UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 95-7124**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEROY RAGIN,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge. (CR-90-25-P, CA-94-379-3-CV-P)

———————————

Submitted: January 9, 1997        Decided: January 16, 1997

———————————

Before HALL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Leroy Ragin, Appellant Pro Se. Jerry Wayne Miller, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina; B. Frederic Williams, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Leroy Ragin appeals the district court's order dismissing his motion filed under 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. We affirm.

Ragin contends that because he was subjected to both criminal penalties and the civil forfeiture of his real property, his conviction violated the Double Jeopardy Clause. We note initially that Ragin's property was forfeited pursuant to a consent judgment, but further review of the record reveals that it was seized as forfeitable under 21 U.S.C. § 881(a)(7) (1994), a statute found categorically not to constitute criminal punishment for purposes of the Double Jeopardy Clause. United States v. Ursery, ___ U.S. ___, 64 U.S.L.W. 4565, 4572 (U.S. June 24, 1996) (Nos. 95-345, 95-346). For these reasons, we affirm the district court's dismissal of Ragin's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2